IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| | : | |
| PETER KOVALCHICK | : | BANKRUPTCY NO.: 5-01-bk-03870 |
|     DEBTOR | : | |
| | : | |
| PETER KOVALCHICK, | : | {**Nature of Proceeding**: Motion to |
|     PLAINTIFF | : | Dismiss Plaintiff's Complaint and |
| | : | Emergency Motion for Injunctive Relief |
| Indispensable Parties: | : | and Motion to Quash a Subpoena and |
| DONNA-LYN KOVALCHICK GERHART, | : | Motion to Prohibit Plaintiff from Filing |
| ET AL., | : | Further Actions Against Judge Dolbin |
| | : | Without Leave of Court filed on behalf |
|     vs. | : | of the Honorable Cyrus P. Dolbin, Judge |
| | : | Court of Common Pleas of Schuylkill |
| CYRUS P. DOLBIN, JUDGE OF COMMON | : | County (Doc. No. 27) **AND** |
| PLEAS COURT OF SCHUYLKILL COUNTY | : | Motion of Defendants R/S Financial |
| R/S FINANCIAL CORPORATION, | : | Corp., et al. to Dismiss Counts VI |
| ROBERT J. ROSENSTEIN, | : | through X of Debtor's Emergency |
| MIRIAM SMALLS, | : | Motion for Injunctive Relief Complaint |
| SPRAGUE AND SPRAGUE, | : | (Doc. No. 39)} |
| RICHARD A. SPRAGUE, | : | |
|     DEFENDANTS | : | **ADVERSARY NO.: 5-05-ap-50295** |

# OPINION[1]

Presently before this Court is the disposition of two motions to dismiss[2] Peter Kovalchick's adversary action against Judge Cyrus P. Dolbin, R/S Financial Corp., Robert J. Rosenstein, Miriam Smalls, Richard A. Sprague, and the law firm of Sprague and Sprague.

## BACKGROUND

Kovalchick filed the instant adversary entitled *Motion For Injunctive Relief* (Doc. Nos. 1 and 3) against the Defendants on December 8, 2005, which included various 42 U.S.C. § 1983 claims against Judge Dolbin, and various tort claims against the remaining Defendants.

---

[1] Drafted with the assistance of Kathryn F. Evans, Law Clerk.

[2] Judge Dolbin filed a separate motion to dismiss in addition to the other Defendants' motion to dismiss because his defenses were unique from the other Defendants' defenses.

On December 28, 2005, Judge Dolbin moved to dismiss the action on the grounds that Judge Dolbin retained judicial immunity from 1983 claims, the claims were barred under the Federal Courts Improvement Act of 1996, the claims were barred under the *Rooker-Feldman Doctrine,* and by Eleventh Amendment Immunity. Judge Dolbin also asked, in his motion to quash the subpoena against him, that Kovalchick seek permission with the court prior to filing any further actions against Judge Dolbin. (Doc. No. 27.) Kovalchick filed his response January 4, 2006 arguing, among other things, that Judge Dolbin was not immune because he lacked jurisdiction of the underlying state court action. (Doc. No. 34.)

On January 18, 2006, the remaining Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Bankruptcy Procedure 7012, for failure to state a claim, and under the doctrine of collateral estoppel. (Doc. No. 39.) Kovalchick filed a brief in opposition to that motion to dismiss on January 24, 2006. (Doc. No. 42.)

## **ANALYSIS**

In determining a motion to dismiss pursuant to Federal Rule of Bankruptcy Procedure 7012, the court applies the standards developed to determine a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Markowtiz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990). Rule 12(b)(6) provides that a motion to dismiss a complaint may be filed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When determining a Rule 12(b)(6) motion to dismiss, the court must accept as true all allegations in the complaint and all reasonable inferences drawn from those allegations, and view them in a light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 412-22, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir. 1991).

**1.     Kovalchick's Five Claims Against Judge Dolbin Should Be Dismissed.**

Kovalchick alleges in his first five causes of action that Judge Dolbin violated his fourth, fifth, seventh, and fourteenth amendment rights by entertaining and resolving a state court action to quiet title regarding certain real property located at 98 Archery Club Road in New Ringgold PA, filed by R/S Financial against Kovalchick.[3] The alleged violations of Kovalchick's constitutional rights were in response to Judge Dolbin's failure to join indispensable parties, denial of a jury trial, failing to inquire as to who was in current possession of the property, limiting Kovalchick to questions regarding fraudulent conveyance, and making the wrong disposition at the end of the trial.

The Supreme Court has recognized that judges acting in their official capacity are absolutely immune from suit so long as they have jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct 1099, 1104-5, 55 L.Ed.2d 331 (1978), see also *Kalina v. Fletcher*, 522 U.S. 118, 131, 118 S.Ct. 502, 510, 139 L.Ed.2d 471 (1997) (finding that common law has long recognized absolute judicial immunity, which protected judges who were charged with resolving disputes between other parties or authoritatively adjudicating private rights). This immunity extends to judges even if the judge's action "was in error, done maliciously, or was in excess of his authority . . . he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356. Additionally, even the cases cited by Kovalchick recognize that "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray,* 386 U.S. 547, 553, 87 S.Ct 1213, 1217, 18 L.Ed.2d 288 (1967).

Thus, the issue in the instant case is whether Judge Dolbin had jurisdiction to decide the

---

[3] This Court granted leave from the automatic stay to litigate the quiet title action in state court. (See Doc. No. 39, in case no. 5-01-bk-03870, Order Granting R/S Financial Relief from Stay.)

validity of the fraudulent transfer issue when the parties were in court on a quiet title action. Judge Dolbin sits on the Pennsylvania Court of Common Pleas and is thus imbued with the general jurisdiction of that court as set forth in the Judicial Code, including 42 Pa.C.S.A. § 931; which states in pertinent part: "(a) . . . the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings." At issue here was a quiet title action thus, the question becomes, does a judge in the context of a quiet title action have jurisdiction to determine the validity of a fraudulent conveyance? For the foregoing reasons, this Court finds Judge Dolbin did have jurisdiction to rule on the validity of the fraudulent conveyance within the context of the quiet title action.

The scope of quiet title actions in Pennsylvania are established in Pa.R.Civ.P. 1061 which states in pertinent part: "(b) the action may be brought . . . to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land." The question here is, was Judge Dolbin's determination that the property was fraudulently conveyed, within the scope of jurisdiction granted to him under the aforementioned statute?

The quiet title case before Judge Dolbin was to determine who had rightful title to the property located at 98 Archery Road. Determining rightful title necessitates examining a property's chain of title, which includes determining the validity of the October 20, 1977 deed transferring the property from the senior Kovalchicks to Peter and Donna-Lyn Kovalchick for a dollar. (Kovalchick's Exhibit 1). Whether or not the property was fraudulently conveyed via the October 20, 1977 deed is an issue intrinsically intertwined with the determination of who is the rightful owner of the property. Thus, Judge Dolbin necessarily had jurisdiction to determine whether the property was fraudulently conveyed via the 1977 deed, since it is a determination of "any right lien title or interest in the land" under Pa.R.Civ.P. 1061.

In sum, because Judge Dolbin had jurisdiction to determine whether or not the property was fraudulently conveyed pursuant to 42 Pa.C.S.A. § 931 and Pa.R.Civ.P. 1061, and because judges are absolutely immune from suit for actions within their jurisdiction, Kovalchick's claims against Judge Dolbin fail as a matter of law and should be dismissed.

**2.     Judge Dolbin's Request the Subpoena Against Him Be Quashed Is Moot**.

On December 29, 2005, this Court ordered that all subpoenas issued by Kovalchick were to be quashed, and the clerk's office was ordered not to issue any further subpoenas to either Cathy or Peter Kovalchick without prior permission of the Court. (Adversary No. 5-05-ap-50295 at Doc. No. 30.) As such, Judge Dolbin's request that the subpoena against him be quashed is granted since it was already quashed by that Order.

**3.     Kovalchick's Final Five Causes of Action Should be Dismissed.**

The Third Circuit recently reiterated that "[b]ankruptcy jurisdiction extends to four types of title 11 matters: (1) cases 'under' title 11; (2) proceedings 'arising under' title 11; (3) proceedings 'arising in' a case under title 11 and (4) proceedings 'related to' a case under title 11." *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. Jan. 23, 2006), citing *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 225 (3d Cir. 2005).

Additionally, as discussed by this Court in Kovalchick's adversary action against Sprague and Sprague attorney Thomas Groshens, this Court's jurisdiction over post-petition torts is questionable. *See In re Kovalchick (Kovalchick v. Groshens)*, No. 5-05-ap-50267, slip op. at 10, (Bankr. M.D.Pa. Mar. 21, 2005).

### a)  Cases "Under" Title 11

The first sub-category of jurisdiction "under" title 11, "refers merely to the bankruptcy petition itself." *Stoe*, 436 F.3d at 216 (citing *In re Combustion Eng'g Inc.,* 391 F.3d at 225-26 n.38). It does not provide jurisdiction for actions going beyond the bankruptcy petition. *See In re Marcus Hook Development Park Inc.* 943 F.2d 261, 264 (3d Cir. 1991). Because none of Kovalchick's claims pivot on his bankruptcy petition, but rather go beyond the bankruptcy petition to sound in state law, jurisdiction may not be found under this subsection.

### b)  Cases "Arising Under" Title 11

"Arising under" jurisdiction encompasses proceedings which "invokes a substantive right provided by title 11." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 162-63 (3d Cir. 2004) citing *In re Guild & Gallery Plus*, 72 F.3d 1171, 1178 (3d Cir. 1996). The Third Circuit failed to find "arising under" jurisdiction present in its recent decision in *Stoe*, on the basis that the outcome was contingent on a construction of Pennsylvania law, rather than the bankruptcy code, and that it was not enough that the code would be implicated in a defense to the claim. *Stoe*, 436 F.3d at 217, see also *Belcufine v. Aloe,* 112 F.3d 633 (3d Cir. 1997). As is the case here, Kovalchick's claims are not based on provisions or entailments granted by the bankruptcy code but rather on Pennsylvania tort law. As such, there is no "arising under" jurisdiction over Kovalchick's state law tort claims.

### c)  Cases "Arising In" a Bankruptcy Case

"Arising in" jurisdiction embraces, "claims that by their nature, not their particular factual circumstance, could only arise in the context of a bankruptcy case." *Stoe*, 436 F.3d at 218, see also *Halper v. Halper*, 164 F.3d 830, 836 (3d. Cir 1999) (claims arise in the case if it is a proceeding that by its nature could arise *only* in the context of a bankruptcy case). This jurisdictional avenue tends to include administrative actions that often do not exist outside the

context of bankruptcy. See *Stoe*, 436 F.3d at 218 (citing 1 *Collier on Bankruptcy* § 3.01[4][c][iv] at 3-31 (noting that "administrative matters" such as allowance and disallowance of claims, orders in respect to obtaining credit, determining the dischargeability of debts, discharges, confirmation of plans, orders permitting the assumption or rejection of contracts, are the principle constitutes of "arising in" jurisdiction, and that "[i]n none of these instances is there a 'cause of action' created by statute, nor could any of the matters illustrated have been the subject of a lawsuit absent the filing of a bankruptcy case.")). Again, all of Kovalchick's allegations could have been the subject of a lawsuit absent the existence of his bankruptcy, because they are not based on bankruptcy provisions but rather on Pennsylvania tort law. As such, these claims do not "arise in" bankruptcy.

### d) Cases "Related To" a Bankruptcy Case

Having established Kovalchick's causes of action do not fall within one of the aforementioned jurisdictional categories, the only remaining basis for jurisdiction is "related to" jurisdiction. To determine "related to" jurisdiction, the Third Circuit has adopted the *Pacor* Test which states that a bankruptcy court will have jurisdiction to hear a proceeding if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Resorts Int'l, Inc.,* 372 F.3d at 164, (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

Kovalchick's causes of action include three claims for common law fraud (Counts VI, VII and VIII), a claim for malicious prosecution (Count IX), a claim for abuse of process (Count IX), and one for intentional infliction of emotional distress (Count X). These torts were commenced post-petition and are based on Defendants' post-petition conduct occurring in the state court proceeding before Judge Dolbin[4] and on alleged harassment which occurred post-

---

[4] *See* Kovalchick Complaint, Doc. No. 1, Count VI, VII, VIII, and X.

petition at 98 Archery Club Road[5]. As discussed in the *Kovalchick v. Groshens* Opinion, post-petition tort proceeds are not a part of the bankruptcy estate when they are awarded with the intention of compensating the injured individual as opposed to compensating the injured estate. *See Kovalchick v. Groshens, supra,* at 8 (citing *In re Doemling,* 127 B.R. 954, 955-56 (W.D.Pa. 1991). Here, the injured party is clearly Kovalchick personally and not his bankruptcy estate. It is hard to imagine how a bankruptcy estate could suffer emotional distress. Furthermore, as was the problem in the *Groshens* adversary, Kovalchick does not state in his briefs how the resolution of these tort actions will affect his bankruptcy case. *Kovalchick v. Groshens, supra,* at 8. Thus, having determined that even if Kovalchick resolved the torts in his favor there would still be no effect on his bankruptcy, and because Kovalchick fails to allege how these tort claims could affect his case, the Court finds it has no "related to" jurisdiction to determine these tort claims.

In sum, Kovalchick's final five tort claims are dismissed for lack of jurisdiction.

**4. Defendants' Requests to Require Kovalchick to Seek Prior Permission of this Court Prior to Filing any Further Adversaries.**

This Court has the authority, under the All Writs Act 28 U.S.C. § 1651, to issue an injunction restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated. *Chipps v. U.S.D.C. for the M.D. of Pa.,* 882 F.2d 72 (3d Cir. 1989), and *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). However, these injunctions are to be viewed as extreme remedies and should be employed rarely and narrowly tailored. *In re Oliver*, 682 F.2d at 445. That being said, it should be remembered that "[n]o person, however, '. . . rich or poor, is entitled to abuse the judicial process.'" *Id.* at 446 citing *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975).

---

[5] *See* Kovalchick Complaint, Doc. No. 1, Count IX.

A prerequisite to the injunction is the defendant must have had the opportunity to respond before the order is instituted. *Id.* Here, both Defendants ask that Kovalchick be estopped from filing further petitions,[6] and Kovalchick responded to both motions.[7] As such, Kovalchick has had the opportunity to respond to the two motions to enjoin him from filing further adversaries without leave of court. In addition to finding that the defendant had an opportunity to respond to the injunction, the Court must also examine the record to determine whether Kovalchick's litigious history constitutes "a continuous pattern of groundless and vexatious litigation" sufficient to warrant an injunction. *In re Oliver,* 688 F.2d at 446.

Kovalchick has filed four adversaries[8] in conjunction with his pending bankruptcy, multiple sanction motions,[9] and he has either sued or tried to recuse almost every state and federal judge he has come before in connection with his bankruptcy and associated adversary proceedings.[10] This tally of litigation does not include filings involving the same issues made in connection with Kovalchick's Chapter 13 bankruptcy filed in 2000 (Case No. 5-00-bk-00513) nor the similar filings in his previous bankruptcy commenced in the Eastern District of

---

[6] *See* Judge Dolbin's Motion to Dismiss, Doc. No. 27, pg 8, and Sprague and Sprague's Memorandum of Law in Support of its Motion to Dismiss, Doc. No. 40, subpart (E).

[7] *See* Kovalchick's opposition to Judge Dolbin's Motion to Dismiss, Doc. No. 34, and Kovalchick's opposition to Sprague and Sprague's Motion to Dismiss, Doc. No. 42.

[8] *Kovalchick v. Judge Dolbin, et al.* 5-05-ap-50295 (the instant case), *Kovalchick v. Richard A. Sprague, et al.* 5-05-ap-50134 (dismissed), *Kovalchick v. Thomas E. Groshens* 5-05-ap-50267 (dismissed), *Kovalchick v. Sprague and Sprague, et al.* 5-06-ap-50006 (Motions to Dismiss are pending).

[9] Motion for Contempt and Sanctions v. Daniel A. Howsare, Douglas R. Goldhaber, and Earl H. Greenawalt filed in main case at Doc. Nos. 166 & 167 (sanctions awarded pursuant to default judgment against Goldhaber only), Motion for 9011 Sanctions filed in main case at Doc. No. 197 (dismissed); Motion for Sanctions v. Sprague and Sprague, et al. filed in adversary 5-06-ap-50006 (pending).

[10] State Court Judge Howsare (sued for contempt in main case at Doc. Nos. 166 & 167); State Court Judge Dolbin (named as a Defendant in 5-05-ap-50295 and 5-06-ap-5006); Bankruptcy Judge Thomas (named as a Defendant in 5-06-ap-50006, Motion to Recuse in 5-05-ap-50295 at Doc. No. 32, denied at Doc. No. 38), Bankruptcy Judge Fehling (Motion to Recuse/Disqualify filed in 5-06-ap-50006, denied at Doc. No. 46); and Bankruptcy Judge France (correspondence requesting recusal filed in 5-06-ap-50006 at Doc. No. 25).

Pennsylvania (No. 91-24812). In all of Kovalchick's filings, he has only been successful in one instance, by virtue of a default judgment.[11] This Court has spent countless hours researching and dealing with the multiple motions, adversaries, motions for reconsideration, and emergency restraining orders filed by Kovalchick. The docket on his main bankruptcy case alone has 304 entries. *See* Docket to Bankruptcy Case 5-01-bk-03870 (as of April 4, 2006).

In dealing with a similar situation of balancing a pro se's right to access the court system versus the problems occasioned on the courts by pro se litigants filing frivolous lawsuits, the Third Circuit drafted an Order to deal with the problem of a pro se litigant trying to overturn a bankruptcy court's rulings which read as follows:

> Appellant may not file any action dealing with the issues resolved in Bankruptcy Case No. 77-1201 without leave of the district court. In seeking leave of court, appellant must certify that the claims he wishes to present are new claims, never before raised and disposed of on the merits by any federal court. Upon a failure to certify or upon a false certification, appellant may be found in contempt of court and punished accordingly.

*Matter of Packer Ave. Associates*, 884 F.2d 745, 749 (3d. Cir. 1989).

The Third Circuit found that entry of this Order "strikes a good balance between the right of the litigant to access to the courts, the right of the parties to previous litigation to enjoy the repose of *res judicata*, and the right of the taxpayers not to have a frivolous litigant become an unwarranted drain on their resources." *Id.* at 748. Likewise, this Court believes that the Order attached to this Opinion, closely mimicking and tailoring the language found in the Third Circuit's Order, serves the aforementioned interests of all the parities by requiring Kovalchick to certify the merits of his adversary actions prior to filing them.

**CONCLUSION**

Kovalchick's first five Counts against Judge Dolbin shall be dismissed because this Court

---

[11]Kovalchick was awarded $1,680 on a default judgment against Attorney Goldhaber, see Doc. No. 297 in main case.

finds Judge Dolbin had jurisdiction to make certain findings in the quiet title action and is therefore immune from claims brought under § 1983.  Kovalchick's final five Counts against the remaining Defendants are dismissed as this Court lacks jurisdiction to hear them.  Finally, Kovalchick shall be required to comply with the provisions laid out in the Order accompanying this Opinion prior to filing any further adversarial actions in his bankruptcy (Case No. 5-01-bk-03870) regarding either the validity of R/S Financial's Proof of Claim or the state court actions associated with the R/S Financial claim.

An Order will follow.

Date: April 19, 2006

John J. Thomas, Bankruptcy Judge
(CMS)

*This electronic order is signed and filed on the same date.*